U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 27 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JIMMIE RANDEL BATES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| RAILTECH BOUTET, INC., RAILTECH § | |
| CONTRACTING CORP., DANELLA § | |
| RENTAL SYSTEMS, INC., DANELLA § | NO. 2:06-CV-257-J |
| BROS INC., THE DANELLA § | |
| COMPANIES INC., d/b/a DANELLA § | |
| CONSTRUCTION CORP., DANELLA § | |
| COMPANIES INC., DANELLA § | |
| CONSTRUCTION CORP OF § | |
| COLORADO INC., and TERRY L § | |
| KIRKLAND, personal representative of § | |
| the Estate of JARED L. KIRKLAND § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION

This case stems from an automobile accident between Jimmie Randel Bates and Jared Kirkland. The "Danella Defendants" (Danella Rental Systems, Inc., Danella Bros., Inc., The Danella Companies, Inc., Danella Companies, Inc., Danella Construction Corp. of Colorado, Inc., and Danella Construction Corp.) have filed a motion for summary judgment. The Court grants the motion.

### I. BACKGROUND

Danella Rental Systems has rented several vehicles to Railtech.[1] It typically rents them to Railtech under a written agreement. This agreement requires that only properly trained and

---

[1] The parties have not made clear which entity—Railtech Boutet or Railtech Contracting—rents the vehicles from Danella Rental Systems. For the purpose of this opinion, the Court need not distinguish between the two entities. Any reference in this opinion to "Railtech" will encompass both entities.

licensed operators use the vehicles. An oversight caused it to rent vehicle N6182D to Railtech under a verbal agreement, not the written agreement. Danella Rental Systems performs inspections and regular maintenance on all vehicles rented. It inspected vehicle N6182D on January 19, 2004 and fixed a problem with the exhaust. On January 22, 2004, its employee delivered the vehicle to Railtech. Danella Rental Systems and Railtech did not discuss which of Railtech's employees would drive the vehicle. Nor did they discuss a requirement that an employee driving the vehicle have a license or training.

Jared Kirkland was the employee of Railtech who drove vehicle N6182D. He did not have a valid driver's license. While driving the vehicle, he and Jimmie Randel Bates had an accident. The uncontroverted summary-judgment evidence shows that Kirkland did not have an employment relationship with the Danella Defendants. It shows that they did not have authority to direct or control him. And it shows that between January 22, 2004 and the accident, Danella Rental Systems did not control where vehicle N6182D was used, how it was used, or who used it. There is no summary-judgment evidence that any of the other Danella Defendants controlled where the vehicle was used, how it was used, or who used it.

## II. DISCUSSION

Bates has sued the Danella Defendants for negligence and negligence per se. The Court may grant summary judgment against these claims if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court

should not grant summary judgment. *Id.* at 324-25. Rather than rest on pleaded allegations or denials, the nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court reviews the facts and draws all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

## A. NEGLIGENCE

Bates claims that the Danella Defendants have responsibility for Kirkland's alleged negligence because they controlled his actions and did not enter into a written lease for vehicle N6182D as required by 49 C.F.R. sections 376.11 and 376.12. This claim does not have merit. The uncontroverted summary-judgment evidence shows that the Danella Defendants neither employed Kirkland nor had authority to direct or control him. Danella Rental Systems did not, as sections 376.11 and 376.12 require, enter into a written a lease providing that Railtech assumed complete responsibility for, and exclusively controlled, vehicle N6182D. *See* 49 C.F.R. §§376.11-376.12 (2007). But failing to follow these regulations does not make the Danella Defendants liable for Kirkland's negligence.

Bates also claims that the Danella Defendants negligently entrusted vehicle N6182D to Kirkland. A negligent-entrustment claim has five elements: (1) entrustment of a vehicle by an owner; (2) to an unlicensed, incompetent, or reckless driver; (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). Bates has not produced evidence of all five elements. Danella Rental Systems entrusted vehicle N6182D to Railtech, not to Kirkland. Bates has not produced evidence that the Danella Defendants knew or

should have known that Kirkland would use the vehicle. Nor has he produced evidence that they knew or should have known that Railtech would let an unlicensed, incompetent, or reckless driver use the vehicle. Railtech typically agrees in writing to let only trained and licensed operators use the vehicles rented from Danella Rental Systems. There is no evidence that by entering into a verbal agreement for vehicle N6182D, the Danella Defendants acquiesced in Railtech doing otherwise.

### B. NEGLIGENCE PER SE

Bates claims that the Danella Defendants committed negligence per se by violating 49 C.F.R. section 392.3. This claim does not have merit. Section 392.3 provides that a motor carrier must not require or permit an ill or fatigued driver to operate a commercial vehicle. 49 C.F.R. § 392.3 (2007). There is no evidence that the Danella Defendants required or permitted Kirkland to drive while ill or fatigued. Again, the uncontroverted summary-judgment evidence shows that the Danella Defendants neither employed Kirkland nor had authority to direct or control him.

Bates also claims the Danella Defendants committed negligence per se by violating 49 C.F.R. sections 396.3, 396.17, 396.11, and 396.13. Section 396.3 provides that every "motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control." 49 C.F.R. § 396.3 (2007). Section 396.17 provides that motor carries must satisfy certain requirements for periodic inspections. 49 C.F.R. § 396.17 (2007). Section 396.11 provides that every motor carrier must require its drivers to prepare a daily report on the condition of various car parts. 49 C.F.R. § 396.11 (2007). And Section 396.13 provides that, before driving a motor vehicle, the driver

must do things such as "review the last driver vehicle inspection report. 49 C.F.R. § 396.13 (2007).

Bates has not produced evidence that the Danella Defendants violated these regulations. Danella Rental Systems performs regular inspections and maintenance on its vehicles. Three days before delivering vehicle N6182D to Railtech, it performed an inspection and fixed the only problem found. And to the extent that Kirkland failed to prepare or review reports, this has no bearing on the Danella Defendants because they do not have an employment or agency relationship with him.

### III. CONCLUSION

Accordingly, the Court grants the Danella Defendants' motion for summary judgment. Railtech Boutet, Inc., Railtech Contracting, Corp., and Terry Kirkland remain in this case as defendants.

IT IS SO ORDERED.

Signed this 27th day of June 2007.

MARY LOU ROBINSON
**UNITED STATES DISTRICT JUDGE**